

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00389-CR
No. 07-14-00410-CR

STEVEN REGALADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2013-437,920 & 2013-400,018, Honorable Bradley S. Underwood, Presiding

May 18, 2015

## MEMORANDUM OPINION

**Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.**

Steven Regalado, appellant, appeals his convictions for aggravated assault and possession with intent to deliver methamphetamine. His conviction for the possession charge arose from the execution of a search warrant and the discovery of the contraband on the premises designated in the warrant. Through a single issue, he contends that 1) the trial court erred in denying his motion to suppress and 2) the affidavit executed to obtain the warrant lacked sufficient factual allegations "to establish a reasonable likelihood that any contraband would be in the residence at the time the

warrant was executed." The trial court rejected the contention below. Thereafter, appellant pled guilty to the offense of possession, and was convicted of same. Furthermore, the trial court found appellant had violated probation and adjudicated his guilt for aggravated assault.[1] Both convictions were appealed, and they involve the same complaint mentioned above. We affirm.

*Authority*

A search warrant cannot issue unless it is based on probable cause as determined from the four corners of an affidavit. *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim. App. 2004) (stating that in assessing the sufficiency of an affidavit for an arrest or search warrant, the reviewing court is limited to the four corners of the affidavit). Furthermore, the "affidavit must be interpreted in a common sense and realistic manner, recognizing that the magistrate is permitted to draw reasonable inferences." *State v. Cuong Phu Le*, No. PD-0605-14, 2015 Tex. Crim. App. LEXIS 516, at *10-11 (Tex. Crim. App. April 29, 2015); *Hankins v. State*, 132 S.W.3d at 388. So, we are to afford the magistrate's determination of probable cause great deference. *State v. Cuong Phu Le*, 2015 Tex. Crim. App. LEXIS 516, at *8. Indeed, the magistrate's decision should carry the day in doubtful or marginal cases, even if the reviewing court may have reached a different result upon a *de novo* review. *Jones v. State*, 364 S.W.3d 854, 857 (Tex. Crim. App. 2012). Yet, the mandate to defer is not one to abdicate.

That is, deference is not a license to deviate from the law. For instance, if statute required that a warrant be dependent upon the prior execution of an affidavit, as it does, *see* TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West Supp. 2014), no court is free to

---

[1] The State filed a motion to adjudicate appellant's guilt wherein numerous violations of probation were alleged. Appellant pled true to some of the violations that did not pertain to the possession charge.

disregard that mandate. Nor must we defer to the trial court's decision to issue a warrant if no such affidavit was executed. In such a situation, the error involves a question of law, which we review *de novo*. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013) (stating that questions of law are reviewed *de novo*). And, most importantly, no deference need be accorded, in such situations, to the trial court's decision.

As for the legal requirements imposed by the Constitution, statute, and precedent regulating the issuance of search warrants, we first turn to article 18.01 of the Texas Code of Criminal Procedure. It mandates that "[n]o search warrant shall issue for any purpose . . . unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance." TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West 2014). As previously alluded to, the edict also provides that a "sworn affidavit setting forth *substantial facts* establishing probable cause shall be filed in every instance in which a search warrant is requested." *Id.* (emphasis added); *State v. Jordan*, 342 S.W.3d 565, 568 (Tex. Crim. App. 2011) (stating that a search warrant may be obtained only after submission of an affidavit setting forth substantial facts establishing probable cause). Next, probable cause is established when, under the totality of the circumstances specified in the affidavit, there exists a fair probability that contraband or evidence of a crime will be found in a particular place at the time the warrant is issued. *State v. Jordan*, 342 S.W.3d at 568-69. We also observe that requiring probable cause to be shown via the assertion of substantial facts prohibits issuance of a warrant based upon an affidavit containing mere conclusions. As much was held by both the United States Supreme Court in *United States v. Ventresca,* 380

U.S. 102, 108-09, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965) and our own Texas Court of Criminal Appeals in *State v. Jordan*, 324 S.W.3d at 569 n.8. Indeed, while addressing the deference to be accorded a magistrate's decision *viz.* issuance of a warrant, the United States Supreme Court stated that requiring deference ". . . is not to say that probable cause can be made out by affidavits which are purely conclusory, stating only the affiant's or an informer's belief that probable cause exists without detailing any of the 'underlying circumstances' upon which that belief is based." *United States v. Ventresca*, 380 U.S. at 108-109; *State v. Jordan*, 324 S.W.3d at 569 n.8, *quoting United States v. Ventresca, supra.* "Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police." *United States v. Ventresca*, 380 U.S. at 108-109.

*Analysis*

Here, the police sought to search an abode whereat appellant could be found. The effort to obtain the warrant was supported by an affidavit to which an officer swore. In pertinent part, the affidavit stated:

> 1) Affiant, Investigator Rolando Ponce, has been a certified peace officer for over thirteen years with the Lubbock County Sheriff's Office and is employed in good standing and currently assigned to the Narcotics Division of the Lubbock County Sheriff's Office, in Lubbock, Texas. Affiant has been trained in techniques of collecting information from cooperating individuals and acting on such information. Affiant has also been trained in the techniques utilized in the surveillance of subjects, vehicles, and structures and has received training in the methods and operations of drug traffickers, to include the distribution and use of narcotics and dangerous drugs. Affiant's training includes various narcotics investigation schools with the Texas Department of Public Safety, the United States Drug Enforcement Administration and others. Affiant has participated in numerous search warrants seeking drug and documentary evidence in these investigations.

4

2) Affiant has received information from a confidential informant that methamphetamine is being trafficked and possessed by [appellant] at the above described location.

3) Within the past seventy-two hours said confidential informant observed, a quantity of methamphetamine within said residence.

4) Said confidential informant has provided information to the Lubbock County Sheriff's Office Narcotics Division on at least eight occasions that has proven to be true and correct. Said confidential informant has proven to be credible and reliable. Said confidential informant is able to recognize Methamphetamine and other controlled substances. Said confidential informant's identity must remain secret for his or her own personal safety.

The minimal factual allegations before us resemble those in *Swearingen v. State*, 143 S.W.3d 808 (Tex. Crim. App. 2004). There, the affidavit contained the minimal allegation that a confidential informant observed "'a quantity' of methamphetamine" in the residence to be searched "within the previous fifty-two hours." *Id.* at 809. Though addressing the topic of the applicable standard of review, a majority of the Court observed: "[t]he court [of appeals] reasoned that, although the magistrate may not have been able to rule out the possibility that the methamphetamine had already been consumed or moved, the magistrate was not foreclosed from concluding that it was reasonably likely that a search of the house would uncover evidence tending to show that Appellant was guilty of possession of methamphetamine. We hold that the court of appeals applied the correct standard of review. We affirm the judgment of the court of appeals." *Id.* at 811. And though the dissent deemed the information too little to support the issuance of a search warrant, we have here what the dissent noted was lacking there. That is, Judge Cochran was concerned with the absence of factual allegation indicating that ongoing criminal conduct was occurring at the location. *Id.* at 812 (the dissenting opinion wherein Judge Cochran poses questions inquiring into facts

5

indicative of ongoing drug activity).  Such an allegation is present here, though.  It consists of the affiant attesting that drugs are "being trafficked" from the abode. Therefore, the dissent's commentary does not dissuade us from allowing the trial court's decision to stand, as did the majority in *Swearingen.*  Therefore, we overrule appellant's single issue.

Accordingly, we affirm the judgments of the trial court.


Brian Quinn
Chief Justice


Do not publish.